IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| REGINA GARNER | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-2493M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Regina Garner ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).   Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 15) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 18). No hearing is deemed necessary.  Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRNATED.

I. Procedural History

Plaintiff filed her applications alleging disability since August 3, 2006 due to "left side injury." R. at 103-09, 110-18, 148.  His claims were denied initially and on reconsideration. R. at 53-56, 60-68.  On March 23, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 26-52.  Plaintiff was

represented by counsel. In a decision April 12, 2010, the ALJ denied Plaintiff's request for benefits. R. at 8-21. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: cervical and lumbar degenerative disc disease, status post lumbar fusion. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was capable of performing her past relevant work. Alternatively, at step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 8-21.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

## IV. Discussion

Plaintiff argues that the ALJ (1) did not properly consider her obesity; (2) erred in determining she could perform her past relevant work; (3) erred in his consideration of the VE testimony; (4) erred in his consideration of her ability to sit and stand; and (5) erred in his reliance on a physician who was consulted in the context of a worker's compensation proceeding.

### A. Obesity

Plaintiff argues that the ALJ erred by in his consideration of Plaintiff's obesity because he failed to acknowledge two references in the record of reported BMIs of 42 (10/16/09) and 43(10/22/09).  R. at 487, 489.  She argues that the ALJ erred in finding that her obesity is not a severe impairment at step two of the sequential evaluation and that he failed to properly consider her obesity throughout the remainder of the evaluation.  In his opinion, the ALJ

3

specifically considered Plaintiff's obesity noting a BMI of "roughly" 36.[1]  R. at 14.  At the outset, the Court notes that an isolated BMI or a couple of reported BMIs within a very short time frame does not lead to the conclusion that an individual exhibits a "consistent pattern of obesity." *See* SSR 02-1p ("When deciding whether an individual has obesity, we will also consider the individual's weight over time. . . . We will consider the individual to have obesity as long as his or her weight or BMI shows essentially a consistent pattern of obesity.").  As indicated above, the reported BMIs were from October 16, 2009 and October 22, 2009 - approximately only a week apart.  Moreover, while the guidelines indicate that a BMI of over 40 is characterized as "Level III" which is labeled "extreme" obesity and represents the greatest risk for developing obesity-related impairments, the level do[es] not correlate with any specific degree of functional loss." *See* SSR 02-1p.  Significantly, the relevant inquiry is whether Plaintiff has met her burden to prove that her obesity has more than a minimal effect on her and that it would be expected to interfere with her ability to do work. *See Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1984).

Apart from pointing to the BMIs noted above and references where Plaintiff was described as obese, the Court does not find Plaintiff has met her burden.  The Court finds that the ALJ considered her obesity and finds that substantial evidence supports his finding that it constitutes a non-severe impairment that "neither causes nor significantly exacerbates any

---

[1] Despite Plaintiff's argument, the Court does not attach any particular negative implication to the ALJ's use of the word "roughly." Rather, it is clear to the Court that roughly was used in connection with the fact that the ALJ calculated the BMI based on a height of 4'11" and a weight of 180 pounds which actually resulted in a BMI of 36.4.  *See* http://nhlbisupport.com/bmi.

work-related functional limitation of the claimant." R. at 15. Despite Plaintiff's general assertion that her obesity affects her lumbar spine, the Court agrees with the ALJ's finding that she has not alleged "any particular difficulties or problems due to her weight. . . ". R. at 15-16.[2] Plaintiff does not refute the ALJ's observation that "no treating or examining source of the claimant has advised that the claimant's weight causes or exacerbates any of the claimant's functional limitations." *Id*. Accordingly, Plaintiff's argument is rejected.

    B.    <u>VE Testimony</u>

The Court need not address whether the ALJ erred in determining Plaintiff could perform her past relevant work because he ultimately found she was capable of adjusting to other jobs that existed in the economy. R. at 48.[3] Specifically, the ALJ found that based on Claimant's RFC and the VE testimony, Claimant could work as a cashier, office helper, addresser or a security monitor. R. at 19-20, 47-49. Plaintiff argues that these jobs would have been eliminated when taking into consideration the postural limitations indicated by Dr. Bands in his Medical Assessment of Ability to Do Work-Related Activities (Physical). R. at 411-13. Specifically, Dr. Bands indicated that Claimant could not climb, balance, stoop, crouch, kneel or crawl. R. at 413. Plaintiff argues that because the ALJ afforded Dr. Bands' opinion significant weight, it necessarily follows that a proper hypothetical would have had to have included these postural limitations which would have eliminated the work testified by the VE.

---

[2] Contrary to Plaintiff's assertion, the ALJ did not indicate Plaintiff did not assert obesity as an impairment.

[3] The Court rejects Plaintiff's assertion that the ALJ's alternative findings somehow weakens the basis of his

R. at 51.  However, in discussing Dr. Bands' opinion, the ALJ specifically found that Dr. Bands' opinion that Claimant was unable to stoop was not entitled to significant weight because it was not supported by his own treatment notes and was inconsistent with his earlier indication that Claimant could in fact perform sedentary work.  R. at 18, 366, 411-13.  Plaintiff does not provide any evidence or argument that the ALJ erred in his rejection of this postural limitation.  The ALJ was not required to rely on the VE testimony that included more restrictive limitations than those found in the RFC.  *See Hines v. Barnhart,* 453 F.3d 559, 566 (4th Cir.2006) (*quoting Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). ("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.").

      C.     <u>Ability to Stand or Sit At Will</u>

Next, Plaintiff argues that the ALJ erred in his consideration of her ability to sit or stand.  Specifically, she argues that the hypothetical to the VE assumes an individual with the ability to alternate sitting and standing every 30 minutes.  R. at 47.  She argues this is inconsistent with the ALJ's finding that Plaintiff could alternate sitting and standing *at will* or approximately every 30 minutes, R. at 16, 19, and that the VE should have been questioned about this "unusual" limitation. Pl.'s Mot. Summ., ECF No. 15-1 at 8-9.

While the ALJ's wording is not a model in clarity, the Court does not read into the difference in wording the significance that Plaintiff seems to attach.  An overall reading of the

---

decision.

ALJ's opinion leads the Court to understand that the restriction is more properly read as Plaintiff would be able to alternate sitting and standing at will which would approximate every 30 minutes.  Plaintiff herself testified that she was "limited by pain to about 30 minutes each of sitting, standing, and walking..." .  R. at 18, 33.  The record does not contain any evidence to support the more restrictive "at will" limitation and clearly the ALJ relied on the VE testimony which limited Plaintiff to alternating sitting and standing every 30 minutes.  R. at 47.  Accordingly, Plaintiff's argument is without merit.  *See* R. at 18, 33.

    D.    <u>Dr. Rosenthal</u>

Finally, Plaintiff argues that the ALJ should not have relied upon a "physician [Dr. Rosenthal] working for the WCC carrier in the context of an adversarial hearing in non-adversarial SSA proceedings . . . ."  Pl.'s Mot. Summ., ECF No. 15-1 at 9.  Her sole reason is that Dr. Rosenthal's opinion lacks credibility as he would have been a "hired gun."  As the Commissioner points out, a medical opinion is not precluded from administrative review solely because it was initially issued within an adversarial context.  That Dr. Rosenthal was consulted in the context of a worker's compensation proceeding may be a basis for attributing less weight to his opinion, but does not require rejection of his opinion as a matter of course.  *See generally* 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also* 20 C.F.R. §§ 404.1527(d)(6), 416.927(d)(6) (requiring the ALJ to consider "other factors").  The ALJ conducted a thorough review of Dr. Rosenthal's opinion and clearly recognized the opinion was rendered in connection with Plaintiff's worker's compensation claim.  R. at 14, 15, 18.  The ALJ found that his opinion was largely consistent with other medical opinions and the medical evidence in the record.

Plaintiff's argument that the opinion should be outright rejected based on the context in which it was rendered is simply unsupportable.

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: March 25, 2013

                                                       _____/s/_____
                                                    THOMAS M. DIGIROLAMO
                                                    United States Magistrate Judge

Paul Schlitz
Mering & Schlitz LLC
343 North Charles Street
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692